**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **ERCHONIA CORPORATION LLC**<br><br>Plaintiff,<br><br>v.<br><br>**THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A**<br><br>Defendants. | **Civil Action No. 1:25-cv-10560** |

## COMPLAINT

Plaintiff Erchonia Corporation LLC ("Erchonia") hereby brings the present action against the Partnerships and Unincorporated Associations identified in Schedule A attached hereto (collectively, "Defendants"), and alleges as follows:

### I. JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Patent Act, 35 U.S.C. § 1, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can

purchase products featuring Plaintiff's patented technology. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products featuring Plaintiff's patented technology to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

3. Joinder in this matter is proper under 35 U.S.C. § 299(a) as the Defendants are all offering for sale the same infringing products and this case will involve common questions of fact to all Defendants. Furthermore, Defendant Internet Stores share unique identifiers, such as using the same or substantially similar product images, same advertising, design elements and similarities of the infringing products offered for sale, establishing a logical relationship between them and suggesting that Defendants' operation arises out of the same transaction, occurrence, or series of transactions or occurrences.

## II. INTRODUCTION

4. This action has been filed by Plaintiff to combat online infringers who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed patented products, namely the green laser machines shown in **Exhibit 1**, that infringe Plaintiff's patents (the "Infringing Products"). The Defendants create the Defendant Internet Stores and design them to appear to be selling genuine products, while actually selling Infringing Products to unknowing consumers. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their operation. Plaintiff is forced to file this action to combat Defendants' infringement of its patents, as well as to protect unknowing consumers from purchasing Infringing Products over the Internet. Plaintiff has been and continues

to be irreparably damaged from the loss of its lawful patent rights to exclude others from making, using, selling, offering for sale, and importing its patented green laser system as a result of Defendants' actions and seeks injunctive and monetary relief.

## III. THE PARTIES

### Plaintiff Erchonia Corporation LLC

5.      Plaintiff Erchonia Corporation LLC ("Plaintiff" or "Erchonia") was founded in 1996 and is a world leader in medical-grade laser therapy technology for physicians, chiropractors, physical therapists, podiatrists, osteopaths, aesthetic clinics, and many other types of medical/health professionals.

6.      Erchonia's range of non-thermal, low-level laser therapy (LLLT) devices are used in many areas, including pain relief, fat removal, cellulite reduction, fungal nail treatment and more.

7.      Erchonia has 22 FDA-clearances for low-level-laser applications in the medical field and the efficacy of its devices has been proven by multiple level 1, double blind, randomized, placebo-controlled, and multi-site clinical studies.

8.      Plaintiff is the owner of two U.S. Patents relevant to this litigation.  True and correct copies of the two patents are attached hereto as **Exhibit 2** and **Exhibit 3** (the "Patents").

9.      Plaintiff is the owner of all right, title and interest in the Patents, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents.  Plaintiff also has the exclusive right to make, use, sell, and offer to sell, any product embodying the inventions disclosed in the Patents.  Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents by Defendants.

10.     Plaintiff's Emerald Laser, a commercial embodiment of the claims disclosed in the Patents, is an FDA Market-Cleared full body fat loss treatment device that allows clients to target areas of stubborn fat. It treats overall body circumference and is the only device FDA cleared to treat those with a BMI up to 40.

11.     Plaintiff has established its products as the first to market, protected by Patents, and has an established reputation and quality reviews.

12.     Plaintiff's products are well received by customers who desire a novel and efficient tool to safely target their fat cells using safe low powered lasers.

**Defendants**

13.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China and elsewhere outside of the United States. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online marketplaces operating under the Defendant Internet Stores.  Each Defendant targets the United States, including Illinois, and has offered to sell, ready to ship, and, on information and belief, has sold and continues to sell Infringing Products to consumers within the United States, including the State of Illinois.

14.     On information and belief, Defendants are an interrelated group of infringers working in active concert to knowingly and willfully make, use, offer for sale, sell, and/or import into the United States for subsequent sale or use products that infringe directly and/or indirectly the Patents in the same transaction, occurrence, or series of transactions or occurrences. For example, Defendants all sell and/or offer for sale the same infringing products with minor variations as well as similar if not identical product images and descriptions as shown in **Exhibit 1**. Tactics used by Defendants to conceal their identities and the full scope of their operation make

it virtually impossible for Plaintiff to learn Defendants' true identities and the exact interworking of their network.

15.     Plaintiff has not licensed or authorized Defendants to use the inventions claimed in the Patents, and none of the Defendants are authorized retailers of Plaintiff's Products.

16.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. On information and belief, Defendants regularly create new online marketplace accounts on various platforms, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their operation, and to avoid being shut down.

17.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. The Defendant Internet Stores include notable common features beyond selling the same infringing products, including the same product images and the use of the same or substantially similar text, images, and product descriptions.

18.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online marketplace accounts under new aliases once they receive notice of a lawsuit.

19.     On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their online marketplace accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of transaction histories

from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based accounts to China-based bank accounts outside the jurisdiction of this Court.

20.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully offered for sale, sold, and/or imported into the United States for subsequent resale or use products that infringe directly and/or indirectly the Patents, and continue to do so via the Defendant Internet Stores. Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Infringing Products into the United States, including Illinois.

21.     Defendants' infringement of the Patents in the offering to sell, selling, or importing of the Infringing Products is willful.

22.     Defendants' infringement of the Patents in connection with the offering to sell, selling, or importing of the Infringing Products, including the offering for sale and sale of Infringing Products into Illinois, is irreparably harming Plaintiff.

23.     This case is "exceptional" within the meaning of 35 U.S.C. § 285, and Erchonia is entitled to an award of attorneys' fees.

### IV. COUNT I
### INFRINGEMENT OF UNITED STATES PATENT IN EXHIBIT 3
### (35 U.S.C. § 271)

24.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

25.     Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that infringe directly and/or indirectly the system claimed in the patent in **Exhibit 3**.  Infringement by the Infringing Products is demonstrated by the claim charts in **Exhibits 3-1, 3-2, and 3-3**.

26.     Upon information and belief, Defendants have, at a minimum, had pre-suit constructive knowledge of the patent as evidenced by, among other things, their blatant copying of the Erchonia Emerald Laser's patented and non-patented design elements (*e.g.*, **Exhibit 4**), as well as their marketing of the Infringing Products with statements solely attributable to the patented Erchonia Emerald Laser. For instance, Defendants market the Infringing Products as being FDA-cleared or -certified; however, such FDA-clearance has only been issued with respect to the Erchonia Emerald Laser.

27.     Furthermore, to the extent Defendants allege they were unaware pre-suit that they were infringing the patent, their lack of knowledge was based on being willfully blind to the possibility that their acts would cause infringement. For example, even an elementary review by Defendants of the Erchonia Emerald Laser webpage (https://www.erchonia.com/products/emerald-laser/) would have placed them on notice of the Patents-in-Suit.

28.     Moreover, Defendants have known of the patent and their past infringement thereof since at least the filing date of this Complaint. Defendants nevertheless continue to act in wanton disregard of Erchonia's patent rights.

29.     Defendants have infringed the Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

30.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patents, Plaintiff will be greatly and irreparably harmed.

31.     Plaintiff is entitled to recover damages adequate to compensate for the infringement including no less than a reasonable royalty.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

### V.  COUNT II
### INFRINGEMENT OF UNITED STATES PATENT IN EXHIBIT 2
### (35 U.S.C. § 271)

32.     Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

33.     Defendants offer for sale, sell, and/or import into the United States for subsequent resale or use Infringing Products that indirectly infringe the method claimed in the patent in **Exhibit 2**.  Defendants' customers directly infringe by using the Infringing Products as demonstrated by the claim charts in **Exhibits 2-1, 2-2, and 2-3**.  As shown in the claim charts, use of the Infringing Products performs all steps required for direct infringement and therefore the Infringing Products are a material contribution for the direct infringement.

34.     Upon information and belief, Defendants have, at a minimum, had pre-suit constructive knowledge of the patent as evidenced by, among other things, their blatant copying of the Erchonia Emerald Laser's patented and non-patented design elements (*e.g.*, **Exhibit 4**), as well as their marketing of the Infringing Products with statements solely attributable to the patented Erchonia Emerald Laser. For instance, Defendants market the Infringing Products as being FDA-cleared or -certified; however, such FDA-clearance has only been issued with respect to the Erchonia Emerald Laser.

35.     Furthermore, to the extent Defendants allege they were unaware pre-suit that they were encouraging their respective customers to infringe the patent, or contributing to such infringement, their lack of knowledge was based on being willfully blind to the possibility that

their acts would cause infringement. For example, even an elementary review by Defendants of the Erchonia Emerald Laser webpage (https://www.erchonia.com/products/emerald-laser/) would have placed them on notice of the Patents-in-Suit.

36.     As demonstrated by the attached claim charts, the Infringing Products have no substantially non-infringing use and, in fact, have no use other than would infringe the asserted claim.

37.     Moreover, Defendants have known of the patent and their past infringement thereof since at least the filing date of this Complaint. Defendants nevertheless continue to act in wanton disregard of Erchonia's patent rights.

38.     Defendants are and have been committing the act of inducing infringement by specifically intending to induce infringement by providing the Infringing Products to its customers and by aiding and abetting its use in a manner known by Defendants to infringe the asserted claims. As shown in the attached claim charts, Defendants advertise the features of the Infringing Products such that use of the Infringing Products necessarily satisfy each and every limitation of the asserted claims. Through their marketing and advertising of the features that infringe the asserted claim, Defendants therefore encourage their customers to perform steps that infringe the claimed method knowing that performance of the steps infringe the asserted claim.

39.     Defendants have indirectly infringed, both contributorily and by inducement, the Patents through the aforesaid acts and will continue to do so unless enjoined by this Court. Defendants' wrongful conduct has caused Plaintiff to suffer irreparable harm resulting from the loss of their lawful patent rights to exclude others from making, using, selling, offering for sale, and importing the patented inventions. Plaintiff is entitled to injunctive relief pursuant to 35 U.S.C. § 283.

40.     Unless a preliminary and permanent injunction is issued enjoining Defendants and all others acting in active concert therewith from infringing the Patents, Plaintiff will be greatly and irreparably harmed.

41.     Plaintiff is entitled to recover damages adequate to compensate for the infringement, including no less than a reasonable royalty.  Plaintiff is entitled to recover any other damages as appropriate pursuant to 35 U.S.C. § 284.

## VI. JURY DEMAND

42.     Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find in its favor and against Defendants, and that the Court grant Plaintiff the following relief:

a.  Judgment that one or more claims of the Patents have been infringed directly and/or indirectly, either literally and/or under the doctrine of equivalents, by Defendants;

b.  Judgment that Defendants account for and pay to Plaintiff all damages to and costs incurred by Plaintiff because of Defendants' infringing activities and other conduct complained of herein, and an accounting of all infringements and damages not presented at trial;

c.  That Defendants be preliminarily and permanently enjoined from any further activity or conduct that infringes;

d.  Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart.com, Temu and Dhgate, Made-In-China.com, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo shall:

1.  disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods that infringe the Patents;

2.    disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Patents; and

3.    take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index;

e.    That Plaintiff be awarded from Defendants, as a result of Defendants' use and infringement of the Patents, three times Plaintiff's damages therefrom, after an accounting, pursuant to 35 USC § 284

f.    That Plaintiff be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein;

g.    That Plaintiff be awarded its reasonable attorneys' fees and costs; and

h.    That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED September 3, 2025.                                  Respectfully submitted,

                                                         By: */s/ Steven G. Kalberg*
                                                         David R. Bennett
                                                         Steven G. Kalberg
                                                         **DIRECTION IP LAW**
                                                         P.O. Box 14184
                                                         Chicago, Illinois 60614
                                                         Tel: (312) 291-1667
                                                         dbennett@directionip.com
                                                         skalberg@directionip.com

                                                         *Counsel for Plaintiff*
                                                         *Erchonia Corporation LLC*